## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02394-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JEREMIAH BENSON,

    Defendant.

_____/

**PLAINTIFF'S PARTIALLY UNOPPOSED MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) hereby moves for the entry of an order striking Defendant Jeremiah Benson's ("Defendant") affirmative defenses, and files this memorandum in support:

### I. INTRODUCTION

Defendant's First, Second, Fourth and Fifth Affirmative Defenses which plead respectively "unclean hands," "one satisfaction rule," "statutory bar," and "invalidity" should be stricken. In short, these defenses cannot succeed under any circumstances. Defendant has consented to the Court entering an order striking the unclean hands and one satisfaction rule defenses.

### II. LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not

1

affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). To strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv- 00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995).

### III.    ARGUMENT

A. Defendant's First Affirmative Defense "Unclean Hands" Should Be Stricken

Defendant's first affirmative defense, unclean hands, should be stricken.[1] This Court struck a strikingly similar affirmative defense *in Malibu Media, LLC v. Ryder*, 13-cv-00319-WYD-MEH, 2013 WL 4757266, * 3 (D. Col. 2013) and held: "In copyright actions, the doctrine of unclean hands is only applied 'where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication," citing *Mitchell Bros. Film Grp. v. Cinema Adult Theater,* 602 F.2d 852, 863 (quoting *Keystone Driller Co. v. Gen. Excavator Co.,* 290 U.S. 240, 245 (1933)). Where asserted, unclean hands "must be pled with the specific elements required to establish the defense." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.,* No. 01–cv–01644–REB–CBS, 2010 WL 3522409, at *3 (D.Colo. Aug. 11, 2010) (citing

---

[1]The defense states in its entirety "Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands as having violated public policy, and various rules of professional conduct in the prosecution and presentment of this case."

2

*MPC Containment Sys ., Ltd. v. Moreland,* No. 05 C 6973, 2008 WL 1775501, at *5 (N.D. Ill. April 17, 2008)). These elements include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants." *Id.* (citing *In re New Valley Corp.,* 181 F.3d 517, 523 (3d Cir.1999)).

This Court has further held that "[u]nclean hands…is an equitable defense that must be pled with the specific elements required to establish the defense," *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 3522409, at *3 (D. Colo. 2010) (citation omitted), and thus a defendant's pleading "must show that the party seeking equitable relief is (1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants." *Id*. (citations omitted).

Here, Defendant's conclusory affirmative defenses clearly fall short of this Court's pleading requirements. Accordingly, the first affirmative defense is insufficient as a matter of law and should be stricken. Defendant does not oppose the entry of an order striking this defense.

    B. Defendant's Second Affirmative Defense "The One Satisfaction Rule"[2] Should Be Stricken

This defense asserts that Plaintiff is barred from recovering based upon settlements and judgments in third party suits. Significantly, Plaintiff has not been

---

[2] Plaintiff's claims for statutory damages, for each copyright at issue, are barred in whole or in part, to the extent that a statutory fee award has already been received by Malibu for that copyrighted work from settlement or judgments paid by other infringers who were involved in related infringements, via BitTorrent, of the same work or file.

awarded any damages in this case. When faced with an identical issue, this "Court f[ound] this fact significant because 17 U.S.C. § 504(c)(1) provides that the copyright owner 'may elect, at any time before final judgment is entered, to recover, instead of actual damages, an award of statutory damages for all ***infringements involved in the action*** ...'" *Malibu Media v. Batz*, 12-cv-01953-WYD-MEH, 2013 WL 21210412, *2 (D. Col. 2013). Accordingly, this Court rejected "Mr. Batz's argument that Plaintiff's alleged settlements with other defendants precludes recovery of statutory damages [because it] severely misreads the statute." *Id.* Just like in *Batz,* "[b]ecause Plaintiff has not received any award . . . in this action, 17 U.S.C. § 504(c)(1) does not bar Plaintiff from pursuing its claim for statutory damages." *Id.* Here, this defense should be stricken like it was in *Batz.* Finally, Defendant does not oppose an order striking this defense.

      C. <u>Defendant's Fourth Affirmative Defense "Statutory Bar" Should Be Stricken</u>

Defendant's fourth affirmative defense erroneously asserts "Plaintiff's claims are barred by Section § 230 of the Communications Decency Act and/or the Online Copyright Infringement Liability Limitation Act." As it relates to the Communications Decency Act, this Court struck a striking similar affirmative defense in *Malibu Media, LLC v. Laura Xiong,* 1:13-cv-01525-WYD-MEH, CM/ECF 26 (D. Col. 2013):

> The Communication Decency Act ("CDA"), 47 U.S.C. § 230, immunizes ISPs and their subscribers from causes of actions stemming from the action of a third-party operator. Plaintiff argues that the Defendant's reliance on the CDA is erroneous because it has no application in this case. The Court agrees. The immunity provided by the CDA does not extend to "any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2); *Stevo Design, Inc. V. SBR Marketing, LTD.*, 919 F. Supp.2d 1112, 1125 (D. Nev. 2013); *see also Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F.Supp.2d 690, 703 (S.D.N.Y. 2009) ("Section 230(c)(1) does not provide immunity for either federal or state intellectual property claims."). Plaintiff's copyright infringement claim pertains to intellectual property; thus, application of the

4

CDA cannot, as a matter of law, succeed under any circumstances. *See Unger*, 889 F. Supp at 422.

Just like it was in *Xiong*, the CDA defense should be stricken because it fails as a matter of law.

This Court has not yet addressed the Online Copyright Infringement Liability Limitation Act defense. However, it was raised and stricken in the Bellwether case. There, a Defendant asserted he was "not liable to Plaintiff pursuant to the Online Copyright Infringement Liability Limitation Act,"' as set forth at 17 U.S.C. § 512. *See Malibu Media, LLC v. Does 1*, 12-2078, 2013 WL 1702549 (E.D. Pa. 2013). Judge Baylson held "Section 512 of the Digital Millennium Copyright Act, in turn, provides a limitation on liability to 'service providers' . . . ." Judge Baylson then noted "[t]he statute defines the term 'service provider' as either 'an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing,' or as 'a provider of online services or network access, or the operator of facilities therefor.' *Id.* § 512(k)(1)." After having considered the applicable statutory language, Judge Baylson considered Malibu's argument that "the affirmative defense based on Section 512's safe-harbor provision should be stricken because it extends only to 'service providers,' which no Doe Defendant qualifies as under Section 512(k)." He concluded, "judging from the statutory text and the case law, Malibu is correct. [And] . . . no affirmative defense under Section 512 of the DMCA is available to Defendants as a matter of law."

    D. <u>Defendant's Invalidity/Unenforceability Defense Should be Stricken</u>

As for its Fifth Affirmative Defense, Defendant pled "Plaintiff's copyrights are invalid and/or unenforceable obscene and/or violate 18 U.S.C. § 2257." This is really

three defenses: (a) invalidity generally, (2) obscenity and (3) invalidity on the basis of a failure to comply with 18 U.S.C. § 2257.  As for invalidity and unenforceability generally, this Court has held that "[t]he claim that Plaintiff's copyrights are invalid [or unenforceable] is redundant and should be stricken."  *Malibu v. Ryder*, 13-cv-00319-WYD-MEH, 2013 WL 4757266, * 4 (D. Col. 2013) ("Defendant's attack the validity of Plaintiff's copyrights is effectively a denial of Plaintiff's prima facie case and is, therefore, not a proper affirmative defense. . . .  Where a so-called 'affirmative defense' does nothing more than rebut a plaintiff's claims directly, the defense should be stricken.)

As for 18 U.S.C. § 2257, it is a record keeping statute and not a legally cognizable basis upon which to deny a party the right to enforce its copyrights.  To explain, The Copyright Act states that "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated[.]"  17 U.S.C. § 102(a).  The Copyright Act <u>does not</u> limit copyright protection to only those entities that are in compliance with federal record keeping statutes.

Entities and persons are required by federal law to maintain accurate records with respect to many different aspects of doing business.  For example, the U.S. Equal Employment Opportunity Commission requires "that employers keep all personnel or employment records for one year."[3]  The Internal Revenue Code states that "[e]very person liable for any tax imposed by this title, or for the collection thereof, shall keep

---

[3] *See* http://www.eeoc.gov/employers/recordkeeping.cfm

such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." 26 U.S.C. § 6001. 18 U.S.C. § 2257 is just one of dozens if not scores of record keeping statutes. 18 U.S.C. § 2257 does not mention the word "copyright" and the Copyright Act does not mention 18 U.S.C. § 2257.

To require Plaintiff to comply with a record keeping statute prior to enforcing a copyright would violate the basic tenant that Courts "resist reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29, 118 S. Ct. 285, 290, 139 L. Ed. 2d 215 (1997). *See also e.g. Aronsen v. Crown Zellerbach*, 662 F.2d 584, 590 (9th Cir. 1981) ("It is . . .[a] general principle of statutory construction that a court should not add language to an unambiguous statute. . . ."); *United States v. Parise*, 159 F.3d 790, 800 (3d Cir. 1998) ("Courts should not legislate by reading into the laws provisions not included by the legislature."); *Wheeler v. Pilgrim's Pride Corp.*, 591 F.3d 355, 374 (5th Cir. 2009) ("Under well-settled principles, courts must refrain from reading additional terms . . . into these sections."); *MORI Associates, Inc. v. United States*, 102 Fed. Cl. 503, 539 (Fed. Cl. 2011) ("Echoing the Supreme Court, the Federal Circuit noted it "must presume that Congress says in [a] statute what it means and means in a statute what it says," . . . and concluded that its "inquiry thus begins and ends with what [the statute] does (and does not) say.").

Thus, even if Plaintiff's 2257 records are noncompliant – **which they are not** – Plaintiff's copyrights are valid and enforceable. This defense is insufficient as a matter of law.

IV.    CONCLUSION

For each of the foregoing reasons, Defendant's affirmative defenses should be stricken

Dated:  February 24, 2013

Respectfully submitted,

By: */s/Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd., #632134
Highlands Ranch, CO 80163
Phone: 720-330-8329
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), counsel for Plaintiff conferred with counsel for Defendant in an attempt to obtain concurrence with regard to the relief requested herein.  Defendant agreed to an order striking his first and second affirmative defenses but did not agree to an order that would strike his fourth and fifth affirmative defenses.

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ *Jason Kotzker*
Jason Kotzker