IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02394-WYD-MEH

MALIBU MEDIA, LLC,

     Plaintiff,

v.

JEREMIAH BENSON,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Plaintiff's Partially Unopposed Motion to Strike Defendant's Affirmative Defenses [filed February 24, 2014; docket #26]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion is referred to this Court for recommendation. (Docket #27.) Defendant filed a response to the motion on February 26, 2014 and the Court held a hearing on the motion on April 9, 2014. For the reasons that follow, the Court RECOMMENDS Plaintiff's Motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiff initiated this action on February 5, 2013, alleging that then-John Doe Defendant, identified only by his Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. (Docket #7.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #10.) In particular, the Court authorized Plaintiff to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant as set forth in Plaintiff's Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP had assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order. Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity. Thereafter, Plaintiff filed an Amended Complaint on November 20, 2013, naming Mr. Benson as a Defendant. (Docket #16.) Defendant filed his "First Answer" to Plaintiff's Complaint on February 3, 2014, asserting seven (7) affirmative defenses. (Docket #21.)

Plaintiff filed the present motion to strike certain affirmative defenses listed in the First

Answer on February 24, 2014.  (Docket #26.)   Two days later, Defendant filed his response to the

motion (docket #28) and, although provided the opportunity to do so pursuant to D.C. Colo. LCivR

7.1(c), the Plaintiff did not file a reply in support of his motion.  The Court is now sufficiently

advised and recommends as follows.

## LEGAL STANDARDS

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of

Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the

outcome of the case." *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-

WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*,

605 F. Supp. 1064, 1085 (D. Colo. 1985)).  Striking a portion of a pleading is a drastic remedy; the

federal courts generally view motions to strike with disfavor and infrequently grant such requests.

5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011).

Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v.*

*Van Pelt*, No. 09-cv-00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing

*Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed

under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995).  The

standard articulated in *Unger* continues to be the appropriate standard.  For the reasons stated herein,

the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant

to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any

circumstance.

3

## ANALYSIS

Plaintiff's motion seeks to strike Defendant's first, second, fourth and fifth affirmative defenses.  Defendant does not oppose an order striking his first ("unclean hands") and second ("one satisfaction rule") defenses, and the Court finds these defenses cannot succeed under any circumstance in this case; thus, the Court will recommend striking the first and second defenses. The Court's remaining analysis will focus on the fourth defense titled "statutory bar" and the fifth defense titled "invalidity."  With the aforementioned legal principles in mind, the Court will consider each of the challenged defenses in turn.

### I.      Fourth Defense: Statutory Bar

In his Fourth Defense, Defendant asserts "Plaintiff's claims are barred by the Section § [sic] 230 of the Communications Decency Act and/or the Online Copyright Infringement Liability Limitation Act."  Answer, docket #21 at 5.  At the hearing in this matter, Defendant agreed to withdraw this defense in light of Plaintiff's stipulation made on the record.

Accordingly, the Court recommends the District Court strike the Defendant's Fourth Defense.

### II.     Fifth Defense: Invalidity or Unenforceability of Copyrights

In his Fifth Defense, Defendant claims that "Plaintiff's copyrights are invalid and/or unenforceable[,] obscene and/or violate 19 [sic] USC § 2257."  Plaintiff characterizes this defense as three separate defenses: (1) invalidity, (2) obscenity, and (3) failure to comply with 18 U.S.C. § 2257. Motion, docket #26 at 6.  Plaintiff contends that the "invalidity" defense is redundant and the Section 2257 compliance is not required to enforce a copyright and, thus, the defense cannot succeed. *Id.* at 6-7.

In countering Plaintiff's argument, Defendant appears to assert invalidity, obscenity and non-compliance with Section 2257 together in arguing that "[i]f any of the sexually explicit films featuring young-looking girls at issue here were feloniously produced in violation of the strict record-keeping requirements of 18 U.S.C. § 2257 *et seq.* and its related regulations at 28 C.F.R. § 75 *et seq.* ("Section 2257"), then the Court should not enforce copyright monopolies for such films." Response, docket #28 at 3. Defendant contends that Section 2257 should be a valid defense to copyright infringement. He states, "[i]n the same way that the Court should not enforce a copyright for actual child pornography, the court should similarly decline to enforce copyrights for movies produced in violation of criminal rules that are narrowly tailored to help combat the same problem." *Id.*

To the extent that Defendant seeks to assert a general defense of invalidity and unenforceability of the Plaintiff's copyrighted work(s), the Court finds that the defense should be stricken based on its redundancy and, during the hearing, defense counsel agreed. To establish a claim of copyright infringement, Plaintiff must prove "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Defendant's attack on the validity of Plaintiff's copyright(s) is effectively a denial of Plaintiff's *prima facie* case and is, therefore, not a proper affirmative defense. *See Isringhausen Import, Inc. v. Nissan N.A., Inc.*, No. 10-CV-3253, 2011 WL 6029733, at *6 (C.D. Ill. Dec. 5, 2011) (striking defense that merely attacked element of copyright infringement claim). By its nature, an affirmative defense "does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011). Where a so-called "affirmative defense" does nothing more than

rebut a plaintiff's claims directly, the defense should be stricken. *Id.*

However, to the extent Defendant argues that the enforceability of the copyright is invalid due to "obscene" content, Plaintiff contends that registration of the copyright does not involve consideration of whether the content of the work is "obscene," but Defendant counters that the issue of whether a copyright is enforceable if it is "obscene" remains a question "of whether pornographic films can be protected by copyright [since it] has never been tested in Colorado's District Courts or in the 10th Circuit." Response, docket #28 at 13.

Although Defendant may be correct that the Tenth Circuit and its district courts have not addressed the exact issue presented here, the defense was presented in the Northern District of Illinois in the form of a motion to quash a subpoena served on an internet service provider. *See Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 198 (N.D. Ill. 2013). In that case, the court, while not deciding the issue, criticized the defense asserting "today's conventional wisdom 'is that copyright law no longer concerns itself with the underlying morality or legality of works when determining their eligibility for copyright.'" *Id.* (citations omitted).

The Illinois court cites the Fifth Circuit's opinion in *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*,445 U.S. 917 (1980), in which the court found that "obscenity is not an appropriate defense in an infringement action, whether piggybacked on the unclean hands rubric or introduced in some other manner." *Id.* In addition, both the Ninth Circuit and the Seventh Circuit have rejected an obscenity defense to copyright infringement. *See Jartech, Inc. v. Clancy,* 666 F.2d 403, 406 (9th Cir. 1982) ("[a]cceptance of an obscenity defense would fragment copyright enforcement, protecting registered materials in a certain community, while, in effect, authorizing pirating in another locale."); *see also Dream Games of*

6

*Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 990 (9th Cir. 2009) (same); *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012) (citing and quoting both *Mitchell Bros.* and *Jartech*).

In the same vein, to the extent Defendant argues that the enforceability of Plaintiff's copyright is invalid due to violations of 18 U.S.C. § 2257, the Court relies on same cases cited above for the proposition that the defense of "illegality" is not properly invoked in a copyright action. *See Mitchell Bros.*, 604 F.2d at 863 ("The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct."); *Dream Games*, 561 F.3d at 990-91 ("illegal use or operation of a work by the copyright owner [does not] preclude[] the award of actual or statutory damages for copyright infringement"); *Flava Works*, 689 F.3d at 755 ("the prevailing view is that even illegality is not a bar to copyrightability").

As relevant here, Section 2257 requires that producers of films depicting actual (as opposed to simulated) sexually explicit conduct "create and maintain individually identifiable records pertaining to every performer portrayed in such a visual depiction." 18 U.S.C. § 2257(a). Any person who qualifies as a producer must verify a performer's age, name, and any aliases, by examining his or her identification document(s) and record this information, as prescribed by regulations. 18 U.S.C. § 2257(b). The records must be available for inspection at all reasonable times. 18 U.S.C. § 2257(c). In addition, any producer must affix to every copy of the sexually explicit work a statement indicating where the required records are maintained. 18 U.S.C. § 2257(e).

Subsection (f) makes it "unlawful" for any person covered by the statute to: (1) fail to create or maintain the required records; (2) knowingly make any false entry or fail to make an appropriate entry; (3) knowingly fail to comply with the provisions of subsection (e); (4) sell any book,

magazine, film, video or other matter "which does not have affixed thereto" a statement describing where the records required may be located; and (5) refuse any inspection request by the Attorney General or his or her designee.  18 U.S.C. § 2257(f).

Plaintiff fixes a facially valid notice under Section 2257 to every page of its website on which sexually explicit conduct is depicted, and the only way to obtain material from the Plaintiff is by accessing a web page on which such notice appears.  *See* 28 C.F.R. § 75.8(d).[2]

As discussed with the parties at the hearing, this Court is wary of a defense for which the Court is asked to, and necessarily must, adjudicate in a civil case whether the opposing party engaged in violations of criminal statutes.  Defendant has provided no case law on this point. Moreover, Defendant's comments that the works at issue here may have been "feloniously produced" is pure speculation and, by Defendant's own admission, lacking in any factual basis.

The Court agrees with the analyses of the Fifth, Seventh and Ninth Circuits in finding that "illegality" is typically not a valid defense to a copyright defense and should be raised only in rare circumstances when a party can show he or she has been injured by the opposing party's illegal conduct.  Here, Defendant cannot show that he was injured by any violation of a statute requiring notices on the copyrighted work(s), where Defendant denies accessing any of the Plaintiff's copyrighted works.  *Compare* Amended Complaint, ¶¶ 16-20, docket #16 *with* First Answer, ¶¶16-

---

[2]The regulation provides as follows: "(d) A computer site or service or Web address containing a digitally- or computer- manipulated image, digital image, or picture shall contain the required statement on every page of a Web site on which a visual depiction of an actual human being engaged in actual or simulated sexually explicit conduct appears. Such computer site or service or Web address may choose to display the required statement in a separate window that opens upon the viewer's clicking or mousing over a hypertext link that states, '18 U.S.C. 2257 [and/or 2257A, as appropriate] Record-Keeping Requirements Compliance Statement.'"

20, docket #21.    Accordingly, the Court must conclude that Defendant's fifth defense cannot succeed in this case under any circumstance, whether it is construed as "general invalidity," "obscenity" or "violations of 18 U.S.C. § 2257."

## **CONCLUSION**

As described above, the Court finds that Defendant's First, Second Fourth and Fifth Defenses should be stricken, and respectfully recommends that Plaintiff's Partially Unopposed Motion to Strike Defendant's Affirmative Defenses [filed February 24, 2014; docket #26] be **granted**.

Entered and dated at Denver, Colorado, this 11th day of April, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge