## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02394-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JEREMIAH BENSON,

      Defendant.

_____/

## PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER
## LIMITING DISCOVERY

Plaintiff, Malibu Media, LLC ("Plaintiff"), pursuant to Fed. R. Civ. P. 26(c), hereby moves for entry of a Protective Order to prevent Defendant from harassing Plaintiff through discovery, forbid Defendant from conducting discovery on irrelevant matters, and limit the number of requests for production and requests for admissions the parties may serve, and in support files the following memorandum.

## I.    INTRODUCTION

On April 14, 2014, Defendant served his First Set of Interrogatories, Requests for Production, and Request for Admissions on Plaintiff.  Defendant's discovery requests were propounded for the sole purpose of subjecting Plaintiff to harassment, annoyance, oppression, and undue burden and expense.  Defendant's requests are oppressive and harassing because they seek: (1) information regarding irrelevant and unrelated copyright infringement lawsuits; (2) information about Plaintiff's principals' personal computer usage; and (3) information relating to issues that cannot possibly form the basis for a defense.  Further, Defendant's requests are duplicative and excessive.

1

Defendant propounded seventy-nine (79) Requests for Production, twenty (20) Interrogatories, and one-hundred and forty-six (146) Requests to Admit which are attached hereto as Exhibit A.[1]   Responding to Defendant's irrelevant requests is unduly burdensome and will subject Plaintiff to Defendant's abusive discovery tactics, oppression, and harassment.   Accordingly, good cause exists for the entry of a protective order.

For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court grant the instant motion.

## II.   LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).   In granting a protective order, a court may "[forbid] the disclosure or discovery[,] … forbid inquiry into certain matters, or [limit] the scope of disclosure or discovery to certain matters."   *Id*.   "A party is entitled to request a protective order to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery."   *Stalnaker v. Kmart Corp.*, 1996 WL 397563 at * 2 (D. Kan. 1996), *quoting Caldwell v. Life Ins. Co. of N. Am.*, 165 F.R.D. 633, 637 (D.Kan.1996).   Generally, "[t]he party seeking the protective order must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."   *S2 Automation LLC v. Micron Tech., Inc.*, 283 F.R.D. 671, 680 (D.N.M. 2012), *quoting Gulf Oil Co. v.*

---

[1] Defense counsel provided Plaintiff with an enlargement of time to respond to Defendant's discovery requests, therefore, the instant motion is timely.
[2] *See* Exhibit A, Request for Production Nos. 40, 44, 49, 50, 53, Interrogatory Nos. 3, 13, 14, 19, 20,

*Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).  "However, [a party] may not be required to make a particularized showing under Rule 26(c) if … discovery requests are overly broad on their face or when relevancy is not readily apparent."  *Trustees of Springs Transit Co. Employee's Ret. & Disability Plan v. City of Colorado Springs*, 2010 WL 1904509 at * 5 (D. Colo. 2010).  "The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required."  *Bowers v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 6013092 at *3 (D. Kan. 2011).

Further, a court "[o]n motion or on its own … must limit the frequency or extent of discovery otherwise allowed … if it determined that the discovery sought is unreasonably cumulative or duplicative[.]"  Fed. R. Civ. P. 26(b)(C).  A court may grant a motion for entry of a protective order requiring a party to redraft and serve new discovery requests when the initial requests are excessive and duplicative.  *See United States v. Medtronic, Inc.*, 2000 WL 1478476, at *5 (D. Kan. 2000) (protective order entered because excessive requests for production and admissions caused annoyance, expense, and were burdensome).  "By order…the court may also limit the number of requests [to admit.]"  *See* Fed. R. Civ. P. 26(b)(2)(A).

### III.   ARGUMENT

   A.   The Court Should Forbid Defendant From Conducting Harassing And Unduly Burdensome Discovery On Certain Irrelevant Matters

   1.   Defendant's Discovery Requests Are Clearly Outside The Scope Of Appropriate Discovery

Defendant propounded five (5) Requests for Production, five (5) Interrogatories, and seventeen (17) Requests for Admissions regarding unrelated litigation. [2] Specifically, each request seeks detailed information concerning different defendants', claims, and infringements within unrelated cases brought by Plaintiff.   For example, Defendant's Interrogatory No. 3, seeks an explanation for the purported "contradictions" between Plaintiff's expert witness and defendant's expert witness in Case No. 1:13-cv-00205-WTL-MJD in the United States District Court for the Southern District of Indiana. Plaintiff's examination of a defendant's hard drive in an Indiana case is not only irrelevant but goes far beyond the bounds of the discovery rules.   Indeed, conclusions and opinions offered by experts in unrelated litigation do not fall within the scope of the discovery rule.   *See In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo., on Nov. 15, 1987.*, 720 F. Supp. 1442, 1444 (D. Colo. 1988) ("The focus of information to be gathered under the Rule…is on the events giving rise to the *litigation at hand* and the opinions to be received in evidence *during that litigation*") (emphasis added); *Trunk v. Midwest Rubber & Supply Co.*, 175 F.R.D. 664, 665 (D. Colo. 1997).

---

[2] *See* Exhibit A, Request for Production Nos. 40, 44, 49, 50, 53, Interrogatory Nos. 3, 13, 14, 19, 20, Request to Admit Nos. 77, 78, 102, 103, 116, 117, 118, 120, 124, 125, 126, 130, 131, 134, 135, 140, and 141.

Defendant's Request to Admit No. 120 states "[a]dmit that you demanded a $1500 settlement from a disabled Colorado resident who was alleged to have downloaded one or more of your works even after he demonstrated with documentary evidence his monthly income of approximately $800 provided by the Social Security Disability Administration."  This request is also irrelevant.  *See Church v. Dana Kepner Co., Inc.*, 2013 WL 24437 (D. Colo. 2013) (the relevancy of "settlement information in a separate case involving different defendants was not readily apparent[.]").  Notably, this request does not support any of Defendant's defenses nor does it defeat any of Plaintiff's claims for infringement.

Defendant's discovery requests seek a wealth of materials pertaining to Plaintiff's copyright suits on a national scale under the guise of discovery for the case at bar. Indeed, Defendant seems more concerned with discovery in Plaintiff's unrelated litigation rather than this case.   A list of fourteen (14) other egregiously irrelevant requests follows:

> **Request for Production No. 44**: Produce all non-privileged documents concerning your directions to counsel and other public statements by you as to how you determine if someone is a persistent online infringer, how a settlement amount is determined and what personal hardship considerations are considered.
> **Request for Production No. 49**: Produce all documents concerning any polygraph test you have conducted.
> **Interrogatory No. 3**: Explain in detail the contradictions between the declaration and/or report submitted by Patrick Paige and the Declaration of Devine Neville regarding the destruction of evidence in Case No. 1:13-cv-00205-WTL-MJD U.S. District Court for the Southern District of Indiana.
> **Interrogatory No. 14**: Provide the amount of money received in settlement for each of your works from all participants in each swarm in which Defendant's IP address is alleged to have participated.
> **Interrogatory No. 19**: Explain and identify each and every instance where you brought a lawsuit for copyright infringement against an individual(s) and discovered, and/or decided that that person did not download your works, including the name or Doe identifier, case number, works and hash

numbers allegedly downloaded, how you came to the conclusion that the person did not download your works, the evidence that lead to this discovery and/or decision, and your actions upon making this discovery.

**Interrogatory No. 20**: Explain and identify with specificity all costs typically incurred by you to prosecute a copyright infringement case in Colorado such as the instant case, including the average settlement derived from a typical copyright infringement case in Colorado.

**Request for Admissions No. 77**: Admit that it is possible you have received settlement money from innocent individual that settled rather than bear the expense of a defense.

**Request for Admissions No. 102**: Admit that you have never been deposed by an adverse party in any copyright infringement case.

**Request for Admissions No. 116**: You have never deposed any copyright infringement Defendant or potential defendant in Colorado.

**Request for Admissions No. 117**: You have never inspected the computer of any copyright infringement Defendant or potential defendant in Colorado.

**Request for Admissions No. 120**: Admit you demanded a $1500 settlement from a disabled Colorado resident who was alleged to have downloaded one or more of your works even after he demonstrated with documentary evidence his monthly income of approximately $800 provided by the Social Security Disability Administration.

**Request for Admissions No. 124**: Admit that regardless of whether a potential Defendant is innocent, if he/she fails a polygraph test you will demand a higher settlement number.

**Request for Admissions No. 135**: Admit that the portion of the settlement or judgment received by counsel increases as additional litigation steps are taken.

**Request for Admissions No. 140**: Admit that you have demanded financial payment based on you claims for the illegal exchange of copyrighted movies using an online media distribution program from individuals where it could not be established that they had engaged in any violation of the copyright act.

Defendant's irrelevant and numerous discovery requests are only intended to harass Plaintiff for bringing lawsuits to protect its copyrights.  Indeed, the foregoing requests have no bearing on whether or not this Defendant is liable for the act of

infringement alleged by Plaintiff in *this* case.[3]  Accordingly, this Court should forbid Defendant from seeking discovery related to Plaintiff's copyright infringement cases which contain different defendants, infringements, and factual scenarios.

### 2. Malibu Media's Principals' Computer And Internet Usage Is Irrelevant

Defendant's requests improperly seek information regarding Malibu Media's principals' internet setup, computer setup, and internet habits.[4]  Specifically, the requests seek information relating to: (1) any digital media content ever downloaded by Malibu's principals; (2) BitTorrent use by Malibu's principals; (3) computer programs used by Malibu's principals to download any media content; (4) private wireless networks used by Malibu's principals; and (5) any pornographic media ever downloaded by Malibu's principals.

> **Request for Production No. 74**: All documents concerning public admissions by you, including Colette and Brigham Filed that they have ever downloaded, viewed or accessed copyrighted material without authorization of its creators.
> **Request for Production No. 75**: All documents, things, and/or electronically stored information relating to any digital media that you have legally or with authorization downloaded using a BitTorrent program since 2012.
> **Request for Production No. 79**: Produce and identify all documents sufficient to identify all computer programs used on any internet accessible computer devices that you, Colette Field and/or Brigham Field have possessed in the last 24 months.
> **Request to Admit No. 15**: Admit that Colette Field has used a private wireless network that was open to access pornographic material.
> **Request to Admit No. 16**: Admit that Brigham Field has used a private wireless network that was open to access to access pornographic material.

---

[3] To the extent that Defendant seeks discovery regarding unrelated litigation in order to reduce statutory damages, Plaintiff hereby stipulates that it will only seek $750 per infringement in the Complaint.

[4] *See* Exhibit A, Request for Production Nos. 72, 73, 74, 75, 76, 77, 79, Interrogatory No. 2, Request to Admit Nos. 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 32.

**<u>Request to Admit No. 17</u>**: Admit that Colette Field has used a private wireless network that was open to access pornographic material without the authorization of the content's creator.

**<u>Request to Admit No. 18</u>**: Admit that Brigham Field has used a private wireless network that was open to access to access [sic] pornographic material without the authorization of the content's creator.

**<u>Request to Admit No. 19</u>**: Admit that Colette Field has previously downloaded pornographic material without the authorization of the content's creator.

**<u>Request to Admit No. 20</u>**: Admit that Brigham Field has previous downloaded pornographic material without the authorization of the content's creator.

Defendant's infringement of Plaintiff's content is at issue in this case – not speculation regarding Plaintiff's alleged infringement of third-party content.  Defendant's inquiry into Plaintiff's principals' personal computer usage and internet setup does not relate to any relevant issue or fact.  Such requests have no bearing on defendant's liability or any claim or defense.  Inquiries into patently irrelevant facts demonstrate defense counsel's flagrant attempt to harass and annoy Plaintiff.

Accordingly, this Court should forbid Defendant from conducting discovery on any issue relating to Plaintiff's principals' personal computer usage and internet setup.

2.  <u>Defendant's Requests Are Duplicative and Excessive</u>

Defendant propounded countless discovery requests which repeatedly seek the same information.  Below are examples from Defendant's Requests for Admissions, each request only slightly deviates from the preceding request.

**<u>Example No. 1</u>**

**<u>Request to Admit No. 3</u>**: Admit that Colette Field has a channel on xvideos.com *that features X-Art videos for free*.

**<u>Request to Admit No. 4</u>**: Admit that Colette Field has a channel on xvideos.com *that features X-Art videos for free and that xvideos.com does not have any records of notification for these works pursuant to 18 U.S.C. § 2257*.

**<u>Request to Admit No. 5</u>**: Admit that Colette Field has a channel on xvideos.com *that features X-Art videos for free and that these videos do*

*not have a notification for these works pursuant to 18 U.S.C. § 2257 at the beginning or end of the credits.*

## Example No. 2

**Request to Admit No.13**: Admit that Colette Field has used a private wireless network that was open *to access the internet.*

**Request to Admit No. 15**: Admit that Colette Field has used a private wireless network that was open *to access pornographic material.*

**Request to Admit No. 17**: Admit that Colette Field has used a private wireless network that was open *to access pornographic material without the authorization of the content's creator.*

## Example No. 3[5]

**Request to Admit No. 19**: Admit that Colette Field has previously downloaded *pornographic material without the authorization of the content's creator.*

**Request to Admit No. 20**: Admit that Brigham Field has previously downloaded *pornographic material without the authorization of the content's creator.*

**Request to Admit No. 21**: Admit that Colette Field has previously downloaded *pornographic material without the authorization of the content's creator through a BitTorrent or other peer-to-peer program.*

**Request to Admit No. 22**: Admit that Brigham Field has previously downloaded *pornographic material without the authorization of the content's creator through a BitTorrent or other peer-to-peer program.*

**Request to Admit No. 23**: Admit that Colette Field has previously downloaded *digital media, such as music without the authorization of the content's creator.*

**Request to Admit No. 24**: Admit that Brigham Field has previously downloaded *digital media, such as music without the authorization of the content's creator.*

**Request to Admit No. 25**: Admit that Colette Field has previously downloaded *digital media, such as music without the authorization of the content's creator through a BitTorrent or other peer-to-peer program.*

**Request to Admit No. 26**: Admit that Brigham Field has previously downloaded *digital media, such as music without the authorization of the content's creator through a BitTorrent or other peer-to peer program.*

---

[5] The requests in this example are particularly duplicative because Defendant's own discovery definitions define "You" as Plaintiff, Malibu Media, LLC, X-Art, Colette Field and Brigham Field.

### Example No. 4

**Request to Admit No. 61**: Admit that running Malibu Media is a demanding job requiring Colette and Brigham Field to work *in excess of 40 hours a week* and travel extensively.

**Request to Admit No. 62**: Admit that running Malibu Media is a demanding job requiring Colette and Brigham Field to work *approximately 60 hours a week*.

**Request to Admit No. 63**: Admit that running Malibu Media is a demanding job requiring Colette and Brigham Field to work *approximately 80 hours a week*.

### Example No. 5

**Request for Production No. 51**: Produce all documents evidencing any reduction or increase of *the level of BitTorrenting of your works.*

**Request for Production No. 52**: Produce all documents evidencing any reduction or increase of *the level of BitTorrenting of your works by persons allegedly located in Colorado.*

"On motion or on its own, the court *must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that…the discovery sought is unreasonably cumulative or duplicative."  Fed. R. Civ. P. 26(b)(2) (emphasis added). "The objective [of this rule] is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery…[and] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse."  Fed. R. Civ. P. 26 (Advisory Committee Notes, 1983).  Further, where "requests [to admit] are more than an attempt to nail down the disputed core facts of the case…[and] attempt to pick every nit that a squad of lawyers could possibly see in it[,] the requests are excessive."  *United States v. Medtronic, Inc.*, 2000 WL 1478476 at * 5 (D. Kan. 2000).  Requests for admissions "should not be of such great number and broad scope as to cover all the issues even of a complex case and obviously should not be sought in an attempt to harass an opposing party."  *Wigler v. Elec. Data Sys. Corp.*, 108 F.R.D. 204, 206-07 (D. Md. 1985), *quoting Lantz v. New*

*York Central Railroad Co.*, 37 F.R.D. 69 (N.D.Ohio 1963).   "The filing of such an unjustifiable number of requests lends itself at least to the appearance of harassment of the plaintiff."   *Id*. 207.

Similar to the examples above, the majority of Defendant's one-hundred and forty-six (146) requests for admission are duplicative, excessive, and unnecessary. And, nearly all are irrelevant.[6]

Accordingly, to prevent further harassment, annoyance, and oppression, this Court should limit the number of requests for admissions each party may serve to twenty-five.

### B.   Discovery In Furtherance Of Defendant's Stricken Affirmative Defense Should Be Barred

An excessive number of Defendant's requests inquire about Plaintiff's 18 U.S.C. § 2257 records and alleged violations of county codes, ordinances, state statutes, and other federal laws.[7]   Defendant's discovery is irrelevant and the information sought does not affect the outcome of this case.

On February 24, 2014, Plaintiff filed a motion to strike Defendant's affirmative defenses which Your Honor recommended granting on April 11, 2014.   "The purpose of Rule 12(f) is to *save the time and money* that would be spent litigating issues that will not affect the outcome of the case."   *United States v. Smuggler-Durant Min. Corp.*, 823

---

[6] *See* Exhibit A, Requests for Admission Nos. 3,4, 5, 6, 7, 8, 8, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 28, 29, 50, 51, 52, 53, 54, 55, 61, 62, 63, 64, 65, 74, 75, 77, 78, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 124, 125, 126, 138, and 139.
[7] *See* Exhibit A, Requests for Production Nos. 17, 18, 19, 20, 21, 22, 26, 27, 28, 30, 31, 32, 33, 34, Interrogatory No. 6, Requests to Admit No. 4, 5, 7, 8, 10, 11, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, and 55.

F. Supp. 873, 875 (D. Colo. 1993) (emphasis added).  The rule "is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial."  *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

In recommending that this Court strike Defendant's affirmative defenses, the Court made clear that "the defense of 'illegality' is not properly invoked in a copyright action." CM/ECF 38, p.7.   Notwithstanding the foregoing, Defendant served an exceedingly large amount of discovery on this very issue.  Although on May 14, 2014 defense counsel withdrew these discovery requests, he maintains that he will be conducting discovery on these issues through depositions.   Indeed, in an effort to establish a defense of illegality, many of Defendant's requests seek information relating to Plaintiff's 18 U.S.C. § 2257 records and alleged violations of county codes, ordinances, state statutes, and federal laws.   As such, these requests are highly irrelevant.   Further, defense counsel's disregard for the Court's recommendation is a clear illustration of his desire to harass, overburden, and increase litigation costs for Plaintiff.  Plaintiff should not be required to respond to Defendant's harassing discovery through depositions or other discovery methods.

Because the Court has already recommended that the defense of illegality be stricken and defense counsel did not file an objection within the allotted time, Defendant should be barred from pursuing this issue.  Indeed, "it is proper to deny discovery of [a] matter that is relevant only to claims or defenses that have been stricken…unless the information sought is otherwise relevant to issues in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, 98 S. Ct. 2380, 2390, 57 L. Ed. 2d 253 (1978).

Accordingly, Court should bar Defendant from conducting discovery on Defendant's stricken affirmative defenses.

C. Plaintiff Is Entitled To Its Reasonable Expenses and Attorney's Fees Incurred Pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5)

Plaintiff is entitled to its reasonable attorney's fees and costs associated with bringing this motion for entry of a protective order.  Undersigned has attempted in good faith to resolve the issues presented in the instant motion, defense counsel has not stated a justified objection, and an award of expenses would not be unjust.

Fed. R. Civ. P. 26(c)(3) expressly provides that rule 37(a)(5) applies to the award of expenses incurred in relation to a motion for protective order.  *See* Fed. R. Civ. P. 26(c)(3); *Holman v. New York Life Ins. Co.*, 2012 WL 5293022 at *4 (D. Utah 2012) (court awarded fees under Rule 37(a)(5) for expenses incurred for motion for a protective order); *Martinez v. Nash Finch Co.*, 2013 WL 1313899 at *12 (D. Colo. 2013) (award of expenses under Rule 37(a)(5) applies when the court grants a protective order).  Therefore, if a motion for entry of a protective order is granted, "the Court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Indeed, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays."  C.A. Wright & A. Miller, *Federal Practice and Procedure*, § 2288, at 787 (1970); *see also Williams v. Bd. of Regents of State of Kansas*, 1989 WL 103639 at *3 (D. Kan. 1989).  The only circumstances under which the Court must not order a payment is if the movant did not attempt in good faith to confer prior to filing the motion, opposing

party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust.  *See* Fed. R. Civ. P. 37(a)(5).

Plaintiff attempted in good faith to confer with defense counsel regarding the instant motion.  On May 12, 2014, Plaintiff sent Defendant a detailed email describing its basis for seeking a protective order.  On May 14, 2014, in a good faith attempt to resolve the issues, undersigned spoke with defense counsel via telephone.  Although Defendant agreed to withdraw some of his discovery requests, defense counsel maintained that he would still be conducting discovery into the issues addressed in the instant motion.  Therefore, this court should grant Plaintiff's motion and award Plaintiff its reasonable expenses and attorney's fees in defending against the harassing discovery and preparing the instant motion.

## IV.   CONCLUSION

For the foregoing reasons, Malibu Media, LLC respectfully requests that this Court grant its Motion for Entry of a Protective Order forbidding Defendant from conducting discovery into certain irrelevant matters, and limiting the amount of Requests for Production and Requests for Admissions the parties may serve.

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A)   Granting Plaintiff's Motion for Entry of a Protective Order;

(B)   Forbidding discovery related to: (a) Plaintiff's copyright cases which involve different defendants, (b) Plaintiff's principals' personal computer or internet habits or usage, and (c) Defendant's affirmative defenses which the Court recommended be stricken;

(C)     Limiting the number of Requests for Production the parties may serve to twenty-five;

(D)     Limiting the number of Requests for Admissions the parties may serve to twenty-five; and

(E)     Requiring Defendant to redraft and reserve new discovery requests consistent with this Order.


Respectfully submitted,

By: /s/ *Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #634132
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*


## GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a) and D.C.COLO.LCivR 7.1, hereby certifies that it has conferred with defense counsel in good faith to resolve this dispute without Court action but were unable to resolve the issue within the instant motion.


## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Jason Kotzker*