**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02394-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JEREMIAH BENSON,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO LIFT STAY**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel hereby moves for the entry of an order lifting the stay imposed on June 16, 2014 (CM/ECF 43), and in support states:

**I.    INTRODUCTION**

Despite the settlement conference held by this Court in which the parties agreed to a specific procedure to obtain a possible resolution of the litigation, Defendant has reneged on his obligations. Specifically, despite undersigned attempting to make the necessary arrangements for the agreed polygraph test, defense counsel avoided contact. On July 10, 2014, however, defense counsel reached out to undersigned and informed him that Defendant would no longer take the agreed test, Defendant had unnecessarily and improperly paid to have his hard drives imaged and inspected without Plaintiff's knowledge, and that because of the results of the inspection, the settlement agreement was off the table. Defense counsel now contends that no agreement was ever reached. In light of the foregoing, Plaintiff hereby elects to terminate the prior agreement because of Defendant's material breach and proceed

1

with the litigation. Plaintiff is also filing a Motion for Sanctions contemporaneously herewith. For the foregoing reasons, as explained more fully below, this Court should lift the stay imposed on June 16, 2014 and allow the litigation to proceed.

## II. FACTS

### A. A Settlement Was Reached

On June 16, 2014, the parties attended a settlement conference before Your Honor. *See* CM/ECF 43. At the conclusion of the conference, the Court entered a Minute Entry for Settlement which stated:

> Settlement negotiations were held on this date, and a settlement was reached as to [a]ll claims in this action. The settlement is contingent on certain events occurring which will require several weeks to accomplish. The parties shall submit a status report by July 1, 2014 and every 30 days thereafter to keep the Court informed of the progress of these events. The case is stayed until further order of the Court. The Motion Hearing set for 6/16/2014 is vacated.

*Id.*

The terms of the agreement were as follows: Defendant would take a polygraph examination. If Defendant passed the polygraph examination, Plaintiff would dismiss the case. If Defendant failed the polygraph examination, however, it was agreed that Defendant would provide the hard drives within his home to Plaintiff for forensic imaging and investigation. Plaintiff would then consider the results of the examination of the hard drives and evaluate the propriety of proceedings with the case.

On July 2, 2014, Plaintiff filed its status report. CM/ECF 46. The report details the steps taken by undersigned to proceed under the settlement agreement. Specifically, on Jun 25, 2014, undersigned sent counsel for Defendant a list of available times for a polygraph examination pursuant to the terms of the agreement.

2

Undersigned contacted the polygraph company and they provided four separate times throughout July 7, 2014 in which they were available. Counsel for Defendant did not respond to undersigned.

### B. Defendant Breached the Settlement Agreement in Bad Faith

On July 10, 2014, undersigned called defense counsel. Defense counsel informed undersigned that despite the terms of the settlement agreement reached at the settlement conference, Defendant refused to comply with the terms of Plaintiff's generous offer. Instead, Defendant unilaterally decided to have his hard drives imaged by a private company without Plaintiff's knowledge and in violation of the settlement agreement. Defense counsel further informed undersigned that due to the purported findings from the unauthorized examination: (a) Defendant would not participate in a polygraph examination; (b) "[a]ll prior settlement agreements are off the table"; and (c) Defendant's "only settlement position is full payment of all costs and fees incurred to date as well as a public apology from Malibu Media." Defense counsel also stated that he would "prepare a joint status report indicating that the settlement between the parties is off and that the case should resume as scheduled."

Notwithstanding the foregoing acknowledgment of a settlement, Defense counsel now asserts that there was no meeting of the minds or resolution derived from the settlement conference. Defense counsel believes that it was decided only that Defendant would *possibly* take the polygraph examination, subject to him arbitrarily changing his mind. The suggestion that there was no meeting of the minds or defined plan for how to proceed after the conference is patently false. Plaintiff emerged from the conference with a clear understanding of the agreed plan. This is supported by the

Court's Minute Entry for Settlement and undersigned's e-mails to defense counsel which went unanswered.

### C. Defendant is Liable for the Infringement

Defendant's refusal to comply with the settlement agreement evidences a guilty heart and mind. Indeed, Defendant infringed thirteen (13) of Plaintiff's movies between May 24, 2013 and July 30, 2013. Plaintiff knows that Defendant is the infringer because in his answers to Plaintiff's interrogatories Defendant admits to having used BitTorrent during the time of infringement "to download various audio/video files." Defendant's interrogatories state that he downloaded content by Nine Inch Nails and the Dillinger Escape Plan during the time period of "summer/fall 2013".

Plaintiff's additional evidence includes the following downloads which occurred either during or near the same time in which Plaintiff's movies were downloaded:

| IP Address | Title |
|---|---|
| 76.25.62.43 | nin2013-07-26.proshot.cmorris.0.264720p |
| 76.25.62.43 | Nine Inch Nails - Hesitation Marks (Deluxe Edition) 2013 Rock 2CD 320kbps CBR MP3 [VX] [P2PDL] |
| 76.25.62.43 | nin2013-09-01.sbd.thebang.0.mkv1080p |
| 76.25.62.43 | nin2009-05-10.wavegoodbyeatl.mutli.0.dvd |
| 76.25.62.43 | The Dillinger Escape Plan - One of Us Is the Killer (Best Buy Edition) (2013) [FLAC] |

Defendant also admits that his current profession is "in IT services and support for enterprise and end-user systems and applications" for Time Warner Cable. And, in his answers to Plaintiff's interrogatories he states that since his wireless router installation, "normal usage, everyday changes and frequent troubleshooting have dictated system resets, firmware revisions and configuration modifications resulting in

recurrent periods of both secured and unsecured states." However, Defendant's IP address connected with Plaintiff's investigator 1,275 times to send pieces of Malibu Media's movies over the course of several months. This extensive infringement implies that the infringer was not a neighbor or passerby utilizing Defendant's Internet during intermittent periods of system resets but someone with consistent access to Defendant's Internet. Defendant's interrogatories state that only Defendant and his wife had full access to his Internet at that time, and only Defendant utilized BitTorrent.

### III. PLAINTIFF IS TERMINATING THE AGREEMENT AND THE STAY SHOULD THEREFORE BE LIFTED

"When a party materially breaches the terms of a contract, the non-breaching party is presented with several options. It may, of course, terminate or seek rescission of the contract; alternatively, it may elect to affirm the contract and continue both sides' performance obligations, seeking damages only for the past breach." *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp. 2d 1238, 1244 (D. Colo. 2013), *appeal dismissed* (Sept. 30, 2013). In light of Defendant's bad faith breach of the settlement agreement by failing to submit to a polygraph examination and circumventing the agreement by unilaterally opting to image the hard drives without Plaintiff's knowledge, Plaintiff hereby elects to terminate the agreement and proceed with the litigation. As such, this Court should lift the stay and allow the litigation to proceed

### IV. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Court enter an order lifting the stay and permitting the case to proceed as normal.

Dated: July 16, 2014

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 720.330.8329
*Attorney for Plaintiff*

### D.C. COLO. L. Civ. R. 7.1 Certificate

I hereby certify that on July 16, 2014, undersigned e-mailed defense counsel regarding the instant Motion. While Defense counsel did not respond to the correspondence, through prior communications with Defense counsel, the undersigned can certify to the Court that the relief sought herein is not opposed.

By:   /s/ *Jason Kotzker*
      Jason Kotzker

### CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Jason Kotzker*
      Jason Kotzker