**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02394-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JEREMIAH BENSON,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927, FED. R. CIV. P. 16(f), AND THE COURT'S INHERENT AUTHORITY**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 16(f), and the Court's inherent authority hereby moves for the entry of an order sanctioning Defendant and his counsel for acting in bad faith and unreasonably and vexatiously multiplying the proceedings, and in support states:

**I.      INTRODUCTION**

As delineated in Plaintiff's Motion to Lift Stay, Defendant and defense counsel unreasonably and vexatiously multiplied the proceedings by failing to honor the settlement agreement attained on June 16, 2014.  While undersigned was expending time and money to make the necessary arrangements in furtherance of the settlement agreement, Defendant colluded with his counsel to avoid communication with undersigned and secretly conduct unauthorized and unnecessary discovery with no intent to abide by the agreement.  Eventually, after two weeks with no word from defense counsel and once their improper secret discovery was completed, defense

1

counsel contacted undersigned and informed him that the settlement was off and that Defendant would not submit to a polygraph exam.  By that time, nearly a month had passed since the settlement conference occurred.   For the foregoing reasons, as explained more fully below, this Court should grant the subject Motion.

## II.    LEGAL STANDARD

"Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "Under § 1927, a district court may assess an award of fees against an attorney appearing before the court if (1) the actions of the attorney multiply the proceedings and (2) the attorney's actions are vexatious and unreasonable."  *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985).  "[E]xcess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987).

Additionally, an attorney or party may be sanctioned under the Federal Rules of Civil Procedure for failing to participate in good faith in a court ordered pretrial settlement conference.

> If a party or party's attorney fails . . . to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall <u>require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees</u>, unless the judge finds that the

noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

*Union Pac. R. Co. v. W. Int'l Grain Co.*, 2007 WL 2872401, at *2 (D. Colo. 2007) (*citing* Fed. R. Civ. P. 16(f)).  And, the Court also has "the inherent authority to sanction bad-faith conduct in litigation." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 612 (D.N.M. 2012) (*citing Chambers v. NASCO, Inc.,* 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "This authority is ever present, and a court may sanction bad faith conduct through its inherent authority, even when that conduct could also be sanctioned by the Federal Rules of Civil Procedure or a statute."  *Id.* (*citing Chambers,* 501 U.S. at 50, 111 S.Ct. 2123).

### III.  DEFENSE COUNSEL'S CONDUCT IN VIOLATING THE SETTLEMENT AGREEMENT OBJECTIVELY MANIFESTS INTENTIONAL DISREGARD OF HIS DUTIES TO THE COURT

Both parties attended the settlement conference and were required to attend in good faith.  Plaintiff agreed to generous settlement terms by allowing Defendant to be free from liability if he successfully completed the polygraph examination.  Plaintiff further agreed that even if Defendant failed the exam, Plaintiff would then examine his hard drives and then evaluate the propriety of proceeding with the case.  The terms of the agreement were clear to both the parties and the Court and the next steps that needed to be taken to effectuate the agreement were also clear.  Plaintiff and undersigned complied with their obligations under the agreement; Defendant and his counsel did not.

Defendant and defense counsel had no intention of following through with the agreement.  Indeed, undersigned counsel reached out to defense counsel a number of times between June 16, 2014, when the settlement conference was held, and July 10,

2014, when defense counsel notified undersigned of the results of their unauthorized forensic examination and advised undersigned that the settlement agreement was off. On June 17, undersigned spoke with defense counsel regarding the use of Plaintiff's chosen computer forensics expert to examine the hard drives should that be necessary. On June 18, undersigned reached out to defense counsel to obtain an agreeable date for the polygraph exam.  On June 23, defense counsel responded indicating that any time after July 4 should be fine.  That same day undersigned asked defense counsel for the time of day in which Defendant preferred to take the exam.  Defense counsel responded with "just give me a couple of dates and times, we'll make it work."  On June 25, undersigned sent four different times on July 7 on which the polygraph could be held.  No response was received.  Undersigned followed up on July 1 via e-mail.  On July 2, defense counsel indicated that he had not heard from his client.  On July 9, undersigned again followed up with defense counsel.  No response was received. Defense counsel asked undersigned to call him on July 10 to discuss.

Between June 16 and July 10 _no_ progress was made on implementing the settlement agreement or progressing the litigation, despite Plaintiff's best efforts. Instead, during that time defense counsel worked with Defendant to conduct secretive discovery in breach of the settlement agreement with no intent on fulfilling the obligations his client had previously agreed to.  Defense counsel's actions vexatiously and unreasonably multiplied the proceedings by nearly a month.  Without notifying undersigned of the investigation, he chose to string along Plaintiff, undersigned, and the Court by permitting undersigned to continue to waste time and money trying to arrange for the polygraph exam despite the knowledge that his client had no intention of

4

submitting to the test.   Had defense counsel notified Plaintiff that they no longer intended to honor the agreement, Plaintiff could have continued efforts to progress the litigation towards trial.   Defense counsel's misconduct manifests intentional disrespect for Plaintiff's and undersigned's time and resources, disregard for this Court, and disdain for the judicial policy favoring early resolution of litigation to avoid unnecessary consumption of judicial resources.   Defense counsel could have notified undersigned and the Court of his intention to breach the settlement arrangement prior to the examination of the hard drives, but instead chose to deliver the drives to the company and have them imaged and inspected all before making anyone aware of his actions or intent.   Defense counsel chose to act secretively and allow weeks to pass before resurfacing and breaching the agreement.

An award of attorneys' fees and expenses is clearly appropriate in the instant case.   Here, nearly a month was wasted unnecessarily at the hands of Defendant and defense counsel.   Sanctions under Section 1927 "are not reserved for the worst offenders . . . under § 1927 . . . [sanctions] are levied to compensate the victims of dilatory practices, not as a means of punishment."   *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1203 (10th Cir. 2008).   Further, Section 1927 allows for the recovery of fees incurred for "the drafting and filing of the motion for attorney's fees[.]"   *Siribuor v. UHS of Denver, Inc.*, 2012 WL 3590791, at *5 (D. Colo. 2012) *aff'd in part, dismissed in part,* 514 F. App'x 811 (10th Cir. 2013).   In *Siribuor* the court also awarded fees for the drafting and filing of a "motion and reply to enforce the settlement agreement."   *Id.* Similarly here, the Court should award undersigned fees for the Motion to Lift Stay and

5

any reply filed in support thereof since the Motion was necessitated by Defendant's and defense counsel's actions in breaching the settlement agreement.

## IV.   DEFENDANT AND HIS COUNSEL SHOULD BE SANCTIONED FOR FAILING TO PARTICIPATE IN THE SETTLEMENT CONFERENCE IN GOOD FAITH

Under the Federal Rules of Civil Procedure the Court may sanction an attorney, a party, or both if either does not participate in good faith in a pretrial conference.  Fed. R. Civ. P. 16(f).  Under Rule 16 a pretrial conference includes one that is intended to "facilitat[e] settlement."  Fed. R. Civ. P. 16(a)(5).  Rule 16(f) mandates the Court to "order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).

Defendant and his counsel engaged in a calculated plan to obfuscate and delay and thereby greatly multiplied the litigation.  Plaintiff acted in good faith at all times and was prepared to allow Defendant to avoid further litigation and liability by passing a polygraph.  If Defendant was not interested in accepting Plaintiff's generous offer, he should have indicated as much up front instead of agreeing while simultaneously intending to renege on his obligations at the last minute.  Defendant's refusal to comply with the agreement evidences a guilty heart and mind.  Passing the polygraph test would have relieved him of all liability and ended the case; there would have been no need for him to independently have his hard drives imaged and examined.  There is no substantial justification or other circumstances that would make an award of expenses unjust in this case.  Defendant and his counsel's bad faith is abundantly clear.  Agreeing

to be bound by settlement terms arrived at during a court ordered settlement conference while also plotting to avoid the obligations imposed by the agreement is disingenuous at best.   Defendant and his counsel's actions constitute unequivocal, inexcusable, and sanctionable bad faith.

## V.     DEFENDANT SHOULD BE SANCTIONED PURSUANT TO THE COURT'S INHERENT AUTHORITY

"[A] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991) (citation omitted).   Indeed, "the inherent power extends to a full range of litigation abuses."  *Id.*   Here, the Plaintiff's and the Court's time and resources have been wasted by Defendant's and defense counsel's disingenuous settlement negotiations.   Nearly a month passed after the settlement conference before Defendant notified Plaintiff of its actions and intentions. Plaintiff, relying on the settlement, abstained from conducting any discovery or attempting to advance the litigation.   Instead, it needlessly endeavored to accommodate Defendant's preferences for the agreed polygraph test and waited for a response.   As such, Plaintiff should be compensated for Defendant and defense counsel's intentional litigation abuses.

## VI.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter an order granting the instant motion, awarding Plaintiff its reasonable attorney's fees and expenses incurred in connection with bringing the instant Motion and the Motion to Lift Stay, and granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  July 16, 2014

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 720.330.8329
*Attorney for Plaintiff*

## D.C. COLO. L. Civ. R. 7.1 Certificate

I hereby certify that on July 16, 2014, undersigned e-mailed defense counsel regarding the instant Motion.  The undersigned had not received a response from Defense counsel at the time of filing, but presumes that he does not concur with the relief requested herein.

By:      /s/ *Jason Kotzker*
            Jason Kotzker

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:      /s/ *Jason Kotzker*
            Jason Kotzker