# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02394-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JEREMIAH BENSON,

    Defendant.

_____/

## NOTICE REGARDING STATUS CONFERENCE

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, hereby files a Notice Regarding the Status Conference to be held tomorrow, September 9, 2014, and states:

**I.    SUMMARY OF ISSUES**

Defense counsel has a concurrent and unwaivable conflict, and is violating Colorado Bar rules by continuing to represent Defendant. This conflict and other sanctionable and/or criminal conduct on the part of Defendant and his counsel are the subject of Plaintiff's upcoming disqualification and sanctions motions, which it has an absolute right to present, and which should be adjudged before any further proceedings take place. A status conference is neither sufficient nor appropriate for a determination of these motions, which require the Court to make detailed findings and conclusions.

Further, Defendant's Request for Status Conference should have been denied because notwithstanding defense counsel's "certification" to the contrary, no conferral has occurred on the request despite Court order and specific efforts by undersigned to confer. Indeed, shortly before defense counsel filed the Request for Status Conference

1

on Thursday of last week, undersigned e-mailed him stating that undersigned would conference with him on Friday. Accordingly, there was <u>no</u> good faith basis to certify that a conference could not be conducted.

**II.     ARGUMENT**

    **A.     <u>No Further Proceedings Should Take Place Prior to Mr. Kerr's Disqualification Due to His Concurrent and Unwaivable Conflict</u>**

Defense counsel has a concurrent and unwaivable conflict, and is violating Colorado Bar rules by continuing to represent Defendant. As will be set forth in detail in Plaintiff's Motion to Disqualify Defense Counsel and Motion for Sanctions, defense counsel's representation is materially limited by his obligation to the United States and the State of Colorado to testify truthfully concerning his knowledge of Defendant's threats of physical violence against undersigned and undersigned's family, which were coupled with a settlement demand to Plaintiff in a clear act of extortion. Defense counsel's representation is further materially limited by his interest in protecting himself from bar sanctions for disclosing attorney-client privileged information concerning the above threats.

Defense counsel, therefore, must testify against his client concerning his threats of physical violence. If he refuses to do so, or if the threats he testifies to do not rise to the level of those requiring disclosure, he will be found to have violated Colo. RPC 1.6, which provides that attorney-client communications may only be revealed when the attorney believes it is reasonably necessary to "prevent reasonably certain death or substantial bodily harm[.]"  Colo. RPC 1.6(b)(1).  In sum, defense counsel has a concurrent, unwaivable conflict, and has potentially violated bar rules. Under these

circumstances, the determination of whether defense counsel must be disqualified should come before any further proceeding in this case.

### B. Plaintiff Has an Absolute Right to Petition the Court for Disqualification and Sanctions

Defense counsel's request that Plaintiff be prevented from filing its motions for disqualification and for sanctions is without merit. Plaintiff has an absolute right under the Petition Clause of the United States Constitution to file its papers and request relief from the Court. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 532 (2002) (holding that the Petition Clause "speaks simply of 'the right of the people . . . to petition the Government for a redress of grievances.'"), *quoting* U.S. Const. amend I; *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803) (holding that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury.")

In reality, defense counsel's request is a transparent attempt to gain purported "leverage" against Plaintiff to force a settlement that would moot the disqualification and sanctions issues. However, the Court should not countenance this move, because it is improper to allow an attorney to continue to represent a defendant when he has a concurrent, unwaivable conflict. Indeed, Plaintiff and undersigned concluded that they would not assist defense counsel in this violation, and thus have not engaged defense counsel, lest they also violate bar rules. *See, e.g.*, Colo. RPC 8.4 ("It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another . . . [or] (d) engage in conduct that is prejudicial to the administration of justice[.]")

This is thus an issue of procedural fairness involving a criminal investigation into Defendant's conduct, and should not be taken lightly or swept under the rug. Accordingly, Plaintiff should be allowed to file and argue its Motion to Disqualify Counsel and Motion for Sanctions.

### C.  A Status Conference is Insufficient to Address the Complex Issues Currently Before the Court

A status conference is <u>not</u> an appropriate forum to evaluate the weighty factual and legal issues underlying a determination of defense counsel's disqualification and sanctions. *See, e.g.*, *Pamlab, L.L.C. v. Hi-Tech Pharmacal Co.*, 2009 WL 77527 (D. Colo. 2009) (noting that determination of motion to disqualify requires the Court to make "specific findings and conclusions."), *citing Merrill Lynch Business Financial Services, Inc. v. Nudell*, 239 F.Supp.2d 1170, 1171 (D. Colo. 2003).

Plaintiff has already invested over 50 hours of attorney time preparing its disqualification and sanctions papers, which are, collectively, approximately 25 pages in length – many of which are filled with facts not yet brought to the Court's attention. These facts should be evaluated and Plaintiff's motions for disqualification and sanctions ruled upon prior to any further proceedings in this case. Accordingly, a status conference is of no assistance to the parties, counsel or the Court at this time.

### D.  Defendant's Request for Status Conference Should be Denied Because Defense Counsel Has Not Conferred With Plaintiff's Counsel

Defense counsel's purported certification of his attempts to confer with counsel concerning his request for a status conference is a misrepresentation of the facts. As the Court is aware, Defendant's initial Request for Status Conference [D.E. 59] was denied without prejudice by Minute Order of the Court dated September 4, 2014 [D.E.

4

61] for defense counsel's failure to meet and confer in violation of D.C. Colo. LCivR 7.1(a).  On this same date, defense counsel contacted undersigned via phone (leaving a voicemail) and e-mail, ostensibly to meet and confer.  Undersigned returned defense counsel's e-mail less than four hours after the request to confer was received, indicating he would be available to confer on the following day, i.e., on September 5, 2014.  Ignoring undersigned's correspondence, defense counsel re-submitted his Request for Status Conference [D.E. 62], this time including a "certification" that undersigned would "not communicate with Defendant's counsel frustrating any attempts to meaningfully confer . . . [.]"  This is false.

The above is yet another example of defense counsel's opprobrious conduct in this case, the balance of which is set forth for the Court in Plaintiff's motions for disqualification and for sanctions.  As the Court can readily see, the issues of disqualification and sanctions have come to a head, and should be determined at this time.  A status conference is neither sufficient nor appropriate given defense counsel's conflict, sanctionable conduct and the need for more substantial proceedings to adjudicate Plaintiff's motions addressing same.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court use the status conference to enter an order permitting Plaintiff to file its Motion to Disqualify Defense Counsel and Motion for Sanctions, and keep this case stayed pending the resolution of these motions.

Dated:  September 8, 2014

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 720.330.8329
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Jason Kotzker*
Jason Kotzker